IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MISS BOBBIE JEAN BATTLES, | : | CIVIL ACTION |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PENNA HOUSING | : | |
| FINANCE AGENCY, *et al.*, | : | NO. 18-494 |
|    Defendants. | : | |

**MEMORANDUM**

**PAPPERT, J.**                                                                                         February 12, 2018

Plaintiff Bobbie Jean Battles, proceeding *pro se*, filed this lawsuit against the Penna Housing Finance Agency, Daryl P. Rotz, the Philadelphia Property Tax Department, the Philadelphia Water Revenue Department, Howard Neukurg, Judge John Herron, the "Commonwealth of Philadelphia," Temple Episcopal Mental Hospital, Social Worker Madeline, and "Falsified 303." She has also filed a motion to proceed *in forma pauperis*. For the following reasons, the Court will grant Battles leave to proceed *in forma pauperis*, dismiss her Complaint, and grant leave to amend.

I

Battles alleges that since 2010, "the system (mental system) had [her] repetitiously in mental hospitals." (Compl. at 3.) She states that at some time in 2016, the "system held [her] over seventy-three (73) days for falsified 303 complaint." (*Id.*) Battles contends that the Penna Housing Finance Agency, the Philadelphia Property Tax Department, and the Philadelphia Water Revenue Department "slapped a financial obligation debt on [her] which is [dirty laundry] owing debts which were forged." (*Id.*) She further argues that Judge Herron "illegally ruled incapacity" and that the Temple

1

Episcopal social worker "filed a falsified mental 303 complaint 2016." (*Id.*) She indicates that the Court should refer to her filings in her previous case, Civil Action No. 15-3238.[1]

Battles has attached numerous exhibits to her Complaint, including, but not limited to, copies of tax returns, food stamps applications, Comcast bills, water bills, the schedule for SEPTA's Chestnut Hill train line, a document from her gastroenterologist about the importance of eating a fibrous diet, and various photographs. In one of her attachments, Battles indicates that this action is an appeal of her case that was dismissed by Judge Idee Fox of the Court of Common Pleas for Philadelphia. A review of public dockets reflects that on September 28, 2017, Battles filed a complaint in the Court of Common Pleas for Philadelphia against the Commonwealth of Philadelphia, Judge Herron, the Pennsylvania Housing Finance Agency, the Philadelphia Real Estate Department, and the Philadelphia Water Revenue Department. *Battles v. Herron*, No. 170903490 (Phila. Ct. Common Pleas). On October 2, 2017, Judge Fox granted Battles leave to proceed *in forma pauperis*, dismissed her complaint without prejudice for failure to state a claim, and noted that the court lacked jurisdiction to determine her capacity. *Id.*

II

Battles may proceed *in forma pauperis* because it appears that she is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails

---

[1] By Order entered on June 15, 2015, the Court dismissed Battles' complaint in Civil Action No. 15-3238 because it did not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. *Battles v. Rotz*, No. 15-3238 (ECF No. 2 filed June 15, 2015).

to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Battles is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

III

Battles appears to be appealing Judge Fox's dismissal of her state court case. Pursuant to the *Rooker-Feldman* doctrine, however, "federal district courts lack

3

jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). The *Rooker-Feldman* doctrine accordingly deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). To the extent Battles seeks reversal of Judge Fox's order dismissing her case without prejudice, the Court lacks jurisdiction to do so.

To the extent that Battles raises any claims that are not barred by the *Rooker-Feldman* doctrine, her Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. It appears that Battles believes she was illegally either involuntarily committed or found to be incompetent at some time during 2016 and that she has been held responsible for false debts to various departments of the City of Philadelphia. The Court cannot discern any plausible claims for relief against the named Defendants because Battles has not provided any facts to support her allegations.

In deference to Battles' *pro se* status, the Court will give her leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order in the event that she can state a plausible claim that lies within this Court's jurisdiction. Any amended complaint shall be a complete document that identifies all of the defendants in the caption in addition to the body, and shall describe in detail the basis for Battles' claims against each defendant. Any amended complaint may not direct the Court to refer to Battles' filings in Civil Action No. 15-3238 and may not refer to any of the numerous documents that Battles submitted with her Complaint in this

case. If Battles fails to file an amended complaint, her case may, without further notice, be dismissed without prejudice for failure to prosecute.

IV

For the foregoing reasons, the Court will grant Battles' motion to proceed *in forma pauperis* and will dismiss her Complaint. This dismissal is without prejudice to Battles' right to file an amended complaint within thirty (30) days in the event that she can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows, which shall be docketed separately.

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**