IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MISS BOBBIE JEAN BATTLES, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-494 |
| | : | |
| PENNA HOUSING | : | |
| FINANCE AGENCY, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

PAPPERT, J.                                                                                                           MAY 1, 2018

      On February 5, 2017, *pro se* Plaintiff Bobbie Jean Battles filed a Complaint against the "Penna" Housing Finance Agency, Daryl P. Rotz, the Philadelphia Property Tax Department, the Philadelphia Water Revenue Department, Howard Neukurg, Judge John Herron, the "Commonwealth of Philadelphia," Temple Episcopal Mental Hospital, Social Worker Madeline, and "Falsified 303." She also filed a Motion for Leave to Proceed *In Forma Pauperis*. By Memorandum and Order entered on February 12, 2018, the Court granted Battles leave to proceed *in forma pauperis*, dismissed her Complaint, and provided leave to file an amended complaint within thirty (30) days. *Battles v. Penna Housing Fin. Agency*, No. 18-494, 2018 WL 835045, at *2 (E.D. Pa. Feb. 12, 2018). Specifically, the Court noted that, pursuant to the *Rooker-Feldman* doctrine, it lacked jurisdiction over Battles' appeal of the dismissal of her state court case. *Id.* The Court also noted that any claims not barred by the *Rooker-Feldman* doctrine failed to comply with Rule 8 of the Federal Rules of Civil Procedure because "Battles ha[d] not provided any facts to support her allegations." *Id.*

      Battles did not file an amended complaint within thirty (30) days. Accordingly, by Order entered on April 9, 2018, the Court dismissed this action without prejudice for failure to

prosecute. (ECF No. 5.) On April 18, 2018, the United States Court of Appeals for the Third Circuit received an Amended Complaint from Battles. (ECF No. 6.) The Third Circuit returned the Amended Complaint to Battles, and Battles subsequently submitted it to this Court. The Amended Complaint names the following individuals and entities as Defendants: (1) Einstein Crisis Center: Falsified 302 (2015); (2) Social Worker Madeline: Falsified 303; (3) Judge John Herron; (4) Pennsylvania Housing Finance Agency Director Daryl P. Rotz; (5) Philadelphia Water Revenue Commissioner Howard Neukurg; and (6) the Philadelphia Property Tax Department. For the following reasons, the Court will reopen this matter, dismiss the Amended Complaint, and provide one final opportunity to amend.

I

In her Amended Complaint, Battles alleges that Judge John Herron of the Philadelphia Orphans Court breached Rule and Canon 2 of the Judicial Reform and Counsel Conduct and Disability Act of 1980 by "illegally ruling PLAINTIFF, Bobbie Jean Battles, incapacitated without reviewing any of litigation, and emphasizing only on PHFA's mortgage." (Am. Compl. at 5.)[1] She further asserts that "Einstein Crisis Center's, 2015, never examined PLAINTFF, transferred to Temple Episcopal Mental Hospital: unfair mental trial-no witnesses allowed; Social Worker made a [FALSIFIED 303] holding me for, at least SEVENTY-FOUR DAYS (74)." (*Id.*) Battles claims that the Pennsylvania Housing Finance Agency, the Philadelphia Water Department, and the Philadelphia Property Tax Department took $15,000.00 which had been given to Abused People of Society, Inc., "and omitting this on records, but used mental brutality via harassment calls, threaten foreclosure; being paid by EQUI Credit, Now, Select Portfolio Specialists for an outstanding mortgage, along with the [$15,000.00] also; forging

---

[1] The Court utilizes the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

another mortgage." (*Id.* at 5-6.) According to Battles, Judge Herron abetted the Pennsylvania Housing Finance Authority. (*Id.*) Battles requests that the "Presiding Honorable Judge adjudicate capacity to regain her estate and to pursue to direct Abuse People of Society, Inc., APOS to advocate for citizens." (*Id.* at 6.)

Battles has attached numerous exhibits to her Amended Complaint, including, but not limited to, letters addressed to the Court, correspondence from the Pennsylvania Housing Finance Agency, copies of docket entries from this matter as well as Battles' state court case, emails, a transcript of Battles' capacity proceedings that occurred on May 20, 2015 before Judge Herron, and a copy of Rule 4 of the Federal Rules of Appellate Procedure. A review of public dockets reflects that on September 28, 2017, Battles filed a complaint in the Philadelphia County Court of Common Pleas against the Commonwealth of Philadelphia, Judge Herron, the Pennsylvania Housing Finance Agency, the Philadelphia Real Estate Department, and the Philadelphia Water Revenue Department. *Battles v. Herron*, No. 170903490 (Phila. Ct. Common Pleas). By Order entered on October 2, 2017, Judge Fox granted Battles leave to proceed *in forma pauperis*, dismissed her complaint without prejudice for failure to state a claim, and noted that the court lacked jurisdiction to determine her capacity. *Id.*

II

As noted above, the Court granted Battles leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that the Court dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter,

3

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Battles is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

A. Claims Seeking Review of State Rulings

In one attachment to her Amended Complaint, Battles indicates that she wishes to appeal Judge Herron's May 20, 2015 determination of incapacity in her state court case. (ECF No. 6-1 at 5.) As the Court previously informed Battles, pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Therefore, to the extent Battles seeks reversal of Judge Herron's capacity determination, the Court lacks jurisdiction to do so.

B. Claims Not Barred By *Rooker-Feldman*

To the extent that Battles raises any claims that are not barred by the *Rooker-Feldman* doctrine, her Amended Complaint fails to state a plausible claim for relief. It appears that Battles is attempting to raise constitutional claims pursuant to 42 U.S.C. § 1983 based upon the Defendants' involvement in Battles' capacity proceedings. "To state a claim under § 1983, a

4

plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Battles fails to allege a meritorious § 1983 claim against the Defendants.

        1.      Claims Against Einstein Crisis Center and Social Worker Madeline

Battles vaguely suggests that in 2015, Einstein Crisis Center "never examined" her and then transferred her to Temple Episcopal Mental Hospital, where Social Worker Madeline "made a [FALSIFIED 303] holding" for her. (Am. Compl. at 5.) To the extent Battles is asserting § 1983 claims against these Defendants, her claims are untimely. In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, where Ms. Battles' claims arose, the relevant statute of limitations is two years. *See* 42 Pa. Cons. Stat. § 5524. The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [her] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). "The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace*, 549 U.S. at 391. The statute of limitations regarding the conduct alleged above would have expired at some time in 2017, making Battles' claims against the Einstein Crisis Center and Social Worker Madeline untimely.[2]

        2.      Claims Against Judge Herron

Next, Battles contends that Judge Herron illegally ruled that she was incapacitated "without reviewing any of litigation." (Am. Compl. at 5.) Judges, however, are entitled to

---

[2] Moreover, it does not appear that the Einstein Crisis Center and Social Worker Madeline were state actors for purposes of § 1983 merely because they were involved in the application for Battles' involuntary commitment. *See Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 167-73 (3d Cir. 2004).

5

absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Weldon v. Cywinski*, 222 F. App'x 205, 207 (3d Cir. 2007) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Here, it is apparent that Battles is suing Judge Herron based on the manner in which he ruled in or handled the proceedings regarding Battles' capacity. Accordingly, any § 1983 claims against Judge Herron are barred by judicial immunity.

        3.        Claims Against Rotz, Neukurg, and the Philadelphia Property Tax Department

Finally, Battles vaguely states that the Pennsylvania Housing Finance Agency, the Philadelphia Water Department, and the Philadelphia Property Tax Department took $15,000.00 that had been extended towards Abused People of Society, Inc., "and omitting this on records, but used mental brutality via harassment calls, threaten foreclosure, being paid by EQUI Credit, Now, Select Portfolio Specialists for an outstanding mortgage, along with the [$15,000.00] also; forging another mortgage." (Am. Compl. at 6.) At this time, the Court cannot discern any plausible claims for relief against Rotz, Neukurg, and the Philadelphia Property Tax Department, as Battles has not provided sufficient facts to support her allegations.

In deference to Battles' *pro se* status, the Court will give her one more opportunity to file a second amended complaint within thirty (30) days in the event that she can state a plausible claim that lies within this Court's jurisdiction. Any second amended complaint shall be a complete document that identifies all of the defendants in the caption in addition to the body, and shall describe in detail the basis for Battles' claims against each defendant. Any second amended complaint may not refer to any of the numerous documents that Battles submitted with

her Complaint in this matter. If Battles fails to file a second amended complaint, her case may be dismissed without prejudice for failure to prosecute without further notice.

IV

For the foregoing reasons, the Court will reopen this case and dismiss Battles' Amended Complaint. This dismissal is without prejudice to Battles' right to file a second amended complaint within thirty (30) days in the event that she can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.