# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MISS BOBBIE JEAN BATTLES,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-0494 |
| | : | |
| **PENNA HOUSING** | : | |
| **FINANCE AGENCY,** *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                                                                                           **MAY 21, 2018**

      On February 5, 2018, *pro se* Plaintiff Bobbie Jean Battles filed a Complaint against the Penna Housing Finance Agency, Daryl P. Rotz, the Philadelphia Property Tax Department, the Philadelphia Water Revenue Department, Howard Neukurg, Judge John Herron, the "Commonwealth of Philadelphia," Temple Episcopal Mental Hospital, Social Worker Madeline, and "Falsified 303." She also filed a Motion for Leave to Proceed *In Forma Pauperis*. By Memorandum and Order entered on February 12, 2018, the Court granted Battles leave to proceed *in forma pauperis*, dismissed her Complaint, and provided leave to file an amended complaint within thirty (30) days. *Battles v. Penna Housing Fin. Agency*, No. 18-494, 2018 WL 835045, at *2 (E.D. Pa. Feb. 12, 2018). Specifically, the Court noted that, pursuant to the *Rooker-Feldman* doctrine, it lacked jurisdiction over Battles' appeal of the dismissal of her state court case. *Id.* The Court also noted that any claims not barred by the *Rooker-Feldman* doctrine failed to comply with Rule 8 of the Federal Rules of Civil Procedure because "Battles ha[d] not provided any facts to support her allegations." *Id.*

      Battles did not file an amended complaint within thirty (30) days. Accordingly, by Order entered on April 9, 2018, the Court dismissed this action without prejudice for failure to

prosecute. (ECF No. 5.) On April 18, 2018, the United States Court of Appeals for the Third Circuit received an Amended Complaint from Battles. (ECF No. 6.) The Third Circuit returned the Amended Complaint to Battles, and Battles subsequently submitted it to this Court. The Amended Complaint named the following individuals and entities as Defendants: (1) Einstein Crisis Center: Falsified 302 (2015); (2) Social Worker Madeline: Falsified 303; (3) Judge John Herron; (4) Pennsylvania Housing Finance Agency Director Daryl P. Rotz; (5) Philadelphia Water Revenue Commissioner Howard Neukurg; and (6) the Philadelphia Property Tax Department. By Memorandum and Order entered on May 1, 2018, the Court reopened the case and dismissed Battles' Amended Complaint. *Battles v. Penna Housing Fin. Agency*, No. 18-494, 2018 WL 2045562, at *3 (E.D. Pa. May 1, 2018). Specifically, the Court noted again that, pursuant to the *Rooker-Feldman* doctrine, the Court lacked jurisdiction over Battles' appeal of Judge Herron's determination of incapacity in her state court case. *Id.* at *2. The Court also concluded that Battles' claims against the Einstein Crisis Center and Social Worker Madeline appeared to be barred by the statute of limitations, that her claims against Judge Herron were barred by judicial immunity, and that she failed to state plausible claims for relief against Rotz, Neukurg, and the Philadelphia Property Tax Department. *Id.* at *2-3. The Court provided Battles one final opportunity to amend. *Id.* at *3.

On May 16, 2018, the Court received Battles' Second Amended Complaint, naming the following individuals and entities as Defendants: (1) Daryl Rotz, Director of the Pennsylvania Housing Finance Agency; (2) Judge John Herron; (3) Howard Neukrug of the Philadelphia Water Revenue Department; (4) the Philadelphia Tax Review Board; (5) the Albert Einstein Crisis Center; (6) Social Worker Madeline at the Temple Episcopal Mental Hospital; and (7)

Psychiatrist Musurrini at the Albert Einstein Crisis Center.  For the following reasons, the Court will dismiss the Second Amended Complaint.

I

Battles alleges that her claims began "really in South Philadelphia, 1974." (Second Am. Compl. at 3.)  She "had just been discharged from Pennsylvania Hospital Mental Ward, when her entire apartment was totally burglarized, including her kitchen faucet." (*Id.* at 3-4.)  Prior to this, in 1973, Battles "was stabbed in [her] forehead, by [her] ex-husband who tried to take [her] life." (*Id.* at 4.)  And, in 1972, "a hard drug was slipped in a cup of [her] coffee while using the rest room at Zion Investment Associates, Roberts Avenue, Philadelphia, PA." (*Id.*)  Eventually, in 1977, the Philadelphia Housing Development assisted Battles "to make settlement" at her current address. (*Id.*)  According to Battles, "[t]his is when everything from witch craft, mind games, harassment calls, computer hacking, burglary, vandalism, and even Department of Human Service tried to discourage [her] from the purpose of Abused People of Society, Inc., APOS." (*Id.*)

Battles further alleges that Judge Herron "abetted in disregarding [her] fairness of mental civil rights" by adjudicating her incapacitated. (*Id.* at 3, 5, 6-7.)  She also contends that the Pennsylvania Housing Finance Authority "denied [her] a bail out to pay off" and "has collaborated with the **[MENTAL COURT LEGISLATION]** and has committed **[DIRTY LAUNDRY]** on the expense of [her] sanity, and attempt to take Plaintiff's home." (*Id.* at 6.)  Battles states that she paid $3,016.66 to the Philadelphia Water Revenue Department on May 23, 1997, "which threatened water shut-off notices repeatedly." (*Id.*)  The Philadelphia Property Tax Department "threatened foreclosure, knowing [p]roperty [t]axes for 2012 were paid by the Plaintiff." (*Id.*)  Furthermore, at some known time, Social Worker Madeline "accused [her] to

have attacked Psychiatrist William Dubins" while preparing an application for Battles' involuntary commitment. (*Id.* at 7.) Battles further contends that the Albert Einstein Crisis Center violated her rights "for being back and forth in mental [w]ards while Haldol injections were forced on [her]." (*Id.*) She also seeks to hold Psychiatrist Musurrini liable for "forc[ing] Haldol on her." (*Id.* at 3.) As relief, Battles seeks monetary damages. (*Id.* at 6-7.)

II

As noted above, the Court granted Battles leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that the Court dismiss the Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Battles is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

It appears that Battles is attempting to raise constitutional claims pursuant to 42 U.S.C. § 1983 based upon the Defendants' involvement in Battles' capacity proceedings. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Battles fails to allege a meritorious § 1983 claim against the Defendants.

A. Claims Against Judge Herron

Once again, Battles contends that Judge Herron disregarded her "mental civil rights" by adjudicating her incapacitated. (Second Am. Compl. at 3, 5-6.) As the Court has already informed Battles, however, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Weldon v. Cywinski*, 222 F. App'x 205, 207 (3d Cir. 2007) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Here, it is apparent that Battles is suing Judge Herron based on the manner in which he ruled in or handled the proceedings regarding Battles' capacity. Accordingly, any § 1983 claims against Judge Herron are barred by judicial immunity.

B. Claims Against Daryl Rotz, Howard Neukrug, and the Philadelphia Tax Review Board

In her Second Amended Complaint, Battles vaguely suggests that the Pennsylvania Housing Finance Agency denied her "a bail out to pay off" at some point prior to 2010, and that the Philadelphia Water Revenue Department "threated water shut-off notices" repeatedly prior to 1997. (Second Am. Compl. at 6.) She also mentions that the Philadelphia Property Tax Department threatened her with foreclosure in 2012. (*Id.*) Nevertheless, Battles has not stated a claim against Rotz, Neukrug, and the Philadelphia Tax Review Board because nothing in the Second Amended Complaint describes how they were responsible for violating her rights, whether due to their own misconduct or their deliberate indifference to known deficiencies in a policy or procedure that violated Battles' rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Accordingly, Battles' claims against these Defendants are also dismissed.

C. Claims Against the Albert Einstein Crisis Center, Social Worker Madeline, and Psychiatrist Musurrini

As noted above, Battles alleges that Social Worker Madeline falsely stated that she had attacked a psychiatrist while preparing an application for Battles' involuntary commitment. However, as the Court noted previously, Social Worker Madeline is not a state actor for purposes of § 1983 merely because she was involved in the application process. *See Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 167-73 (3d Cir. 2004). Moreover, with respect to Battles' claims that the Albert Einstein Crisis Center and Psychiatrist Musurrini forcibly medicated her with Haldol, the United States Court of Appeals for the Third Circuit has held that "authorities may administer antipsychotic drugs over a patient's objection 'where the decision is a product of the authorities' professional judgment.'" *Id.* (quoting *White v. Napoleon*, 897 F.2d 103, 112 (3d Cir. 1990)). Here, none of the allegations in Battles' Second Amended Complaint suggests that the "administration of antipsychotic drugs [by the Albert Einstein Crisis Center and Psychiatrist Musurrini was] shocking to the conscience." *Id.* Accordingly, Battles' claims against the Albert Einstein Crisis Center, Social Worker Madeline, and Psychiatrist Musurrini are also dismissed.

IV

For the foregoing reasons, the Court will dismiss Battles' Second Amended Complaint. In light of Battles' filings in this case, the Court concludes that further attempts at amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**